WILLIAM R. TAMAYO -- #084965 (CA)
JONATHAN T. PECK -- #12303 (VA)
CINDY O'HARA -- #114555 (CA)
EQUAL EMPLOYMENT OPPORTUNITY
  COMMISSION
San Francisco District Office
350 The Embarcadero, Suite 500
San Francisco, California 94105
Telephone:   (415) 625-5653
Facsimile:   (415) 625-5657

Attorneys for Plaintiff EEOC

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>OVERNITE CORPORATION dba UPS FREIGHT and UNITED PARCEL SERVICE, INC.,<br><br>Defendants. | Civil Action No.<br><br>C 07 4994<br><br>COMPLAINT<br><br>Civil Rights - Employment Discrimination<br><br>DEMAND FOR JURY TRIAL |

## NATURE OF THE ACTION

This action is brought pursuant to Title VII or the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of sex and retaliation, and to provide appropriate relief to Joanne Nijem who was adversely affected by such practices. Defendant Overnite Corporation subjected Ms. Nijem to unlawful discrimination based on her sex and to unlawful retaliation after she expressed her opposition to the unlawful discrimination. Defendant United Parcel Service, Inc. is the successor to Overnite Corporation.

## JURISDICTION AND VENUE

1.  Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§451, 1331,

1337, 1343 and 1345. This action is authorized and instituted pursuant to §706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e-5(f)(1) and (3) ("Title VII") and §102 of the Civil Rights Act of 1991, 42 U.S.C. §1981a.

2. The unlawful employment practices alleged herein were committed in the State of California, thus venue is proper "in any judicial district in the State in which the unlawful employment practice is alleged to have been committed." (§706(f)(3) of Title VII, 42 U.S.C. §2000e-5(f)(3)). Venue is therefore proper in the United States District Court for the Northern District of California.

**INTRADISTRICT ASSIGNMENT**

3. This action is appropriate for assignment to San Francisco/Oakland as the administrative charges underlying this case were investigated in the San Francisco District Office of Plaintiff Equal Employment Opportunity Commission, and the records related to that investigation are in San Francisco.

**PARTIES**

4. Plaintiff, the Equal Employment Opportunity Commission ("Commission") is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by §706(f)(1) and (3) of Title VII, §2000-e(f)(1) and (3).

5. Defendant Overnite Corporation ("Overnite") is a Virginia corporation, doing business in the State of California, and has continuously had at least 15 employees.

6. Defendant United Parcel Service, Inc. is an Ohio corporation, doing business in the State of California, and has continuously had at least 15 employees. Plaintiff is informed and believes and on the basis of that belief alleges that Defendant United Parcel Service, Inc. is the successor to Defendant Overnite Corporation.

7. At all relevant times, Defendants Overnite Corporation and United Parcel Service, Inc. have continuously been employers engaged in an industry affecting commerce, within the meaning of Section 701(b), (g) and (h) of Title VII, 42 U.S.C. §2000-

1  e(b), (g) and (h).

## STATEMENT OF CLAIMS

### FIRST CLAIM FOR RELIEF

### Violation of Title VII of Civil Rights Act Based on Sex Discrimination

8. More than thirty days prior to the institution of this lawsuit, Charging Party Joanne Nijem ("Charging Party") filed a charge with Plaintiff Commission alleging violations of Title VII by Defendant Overnite. All conditions precedent to the institution of this lawsuit have been fulfilled.

9. Since at least August 2004, Defendant Overnite has engaged in unlawful practices of sex discrimination in violation §703(a) of Title VII, 42 U.S.C. §2000e-2(a)(1) by subjecting Charging Party to different terms and conditions of employment than male employees because of her sex, including but not limited to hostile environment harassment and discharge from employment.

10. The effect of the actions complained of in paragraph 9 above has been to deprive Charging Party equal employment opportunities and otherwise adversely affect her status as an employee because of sex.

11. The unlawful employment practices complained of in paragraph 9 above were intentional.

12. The unlawful employment practices complained of in paragraph 9 above were done with malice or with reckless indifference to the federally protected rights of Charging Party.

### SECOND CLAIM FOR RELIEF

### Violation of Title VII of Civil Rights Act Based on Retaliation

13. Plaintiff Commission hereby incorporates the allegations of paragraphs 1 through 9 above as though fully set forth herein.

14. In addition to the above-referenced discrimination, Defendant Overnite engaged in unlawful employment practices in violation of §704(a) of Title VII, 42 U.S.C. §2000-e-3(a) by subjecting Charging Party to retaliation after she expressed her

1  opposition to the sex discrimination referenced herein at paragraph 9, including but not
2  limited to the suspension and subsequent termination of Charging Party's employment.
3      15.    The effect of the actions complained of in paragraph 14 above has been to
4  deprive Charging Party of equal employment opportunities and otherwise adversely
5  affect her status as an employee because of her protected activity.
6      16.    The unlawful employment practices complained of in paragraph 14 above
7  were intentional.
8      17.    The unlawful employment practices complained of in paragraph 14 above
9  were done with malice or with reckless indifference to the federally protected rights of
10 Charging Party.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A.  Grant a permanent injunction enjoining Defendants, their officers, successors, assigns, and all persons acting in concert or participation with them, from engaging in discrimination based on sex and retaliation against their employees.

B.  Order Defendants to institute and carry out policies, practices, and programs which prohibit sex discrimination and retaliation, and which eradicate the effects of its unlawful employment practices.

C.  Order Defendants to make whole Charging Party by providing appropriate back pay and benefits with prejudgment interest, and other affirmative relief necessary to eradicate the effects of their unlawful employment practices, including but not limited to reinstatement to prior position and/or front pay and other appropriate relief to be determined at trial.

D.  Order Defendants to make whole Charging Party by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices complained of above, including but not limited to such out-of-pocket expenses as medical care necessitated by Defendants' unlawful conduct, in amounts to be determined at trial.

E. Order Defendants to make whole Charging Party by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of above including, but not limited to emotional pain and suffering, inconvenience, loss of enjoyment of life and humiliation, in amounts to be determined at trial.

F. Order Defendants to pay Charging Party punitive damages for the malicious and reckless conduct described above, in amounts to be determined at trial.

G. Grant such further relief as the Court may deem just and proper in the public interest.

H. Award the Commission its costs of this action.

**DEMAND FOR JURY TRIAL**

Pursuant to the provisions of Federal Rule of Civil Procedure 38(b), Plaintiff hereby demands a jury trial.

RONALD S. COOPER
General Counsel
JAMES L. LEE
Deputy General Counsel
GWENDOLYN YOUNG REAMS
Associate General Counsel

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
Office of the General Counsel
Washington, DC 20507

Dated: Sept. 26 2007

WILLIAM R. TAMAYO
Regional Attorney

Dated: Sept. 26, 2007

JONATHAN T. PECK
Supervisory Trial Attorney

Dated: Sept. 26, 2007

CINDY O'HARA
Senior Trial Attorney