1  KATHERINE C. HUIBONHOA (SB# 207648)
   katherinehuibonhoa@paulhastings.com
2  AMY C. HIRSH (SB# 246533)
   amyhirsh@paulhastings.com
3  PAUL, HASTINGS, JANOFSKY & WALKER LLP
   55 Second Street
4  Twenty-Fourth Floor
   San Francisco, CA  94105-3441
5  Telephone:  (415) 856-7000
   Facsimile:  (415) 856-7100
6
   Attorneys for Defendants
7  OVERNITE CORPORATION and UNITED PARCEL SERVICE, INC.

8
                    UNITED STATES DISTRICT COURT
9
                  NORTHERN DISTRICT OF CALIFORNIA
10
                      SAN FRANCISCO DIVISION
11

12
   EQUAL EMPLOYMENT                    CASE NO. C-07-4994 BZ
13 OPPORTUNITY COMMISSION,
                                       **DEFENDANTS OVERNITE
14          Plaintiff,                 CORPORATION AND UNITED PARCEL
                                       SERVICE, INC.'S ANSWER TO
15     vs.                             COMPLAINT**

16 OVERNITE CORPORATION dba UPS
   FREIGHT and UNITED PARCEL
17 SERVICE, INC.,

18          Defendants.

19

20

21

22

23

24

25

26

27

28

1   TO PLAINTIFF EQUAL EMPLOYMENT OPPORTUNITY COMMISSION AND TO ITS

2   ATTORNEYS OF RECORD, WILLIAM R. TAMAYO, JONATHAN T. PECK, CINDY

3   O'HARA AND EEOC:

4

5          Defendants OVERNITE CORPORATION ("OVERNITE") (erroneously

6   designated in the Complaint as "Overnite Corporation d/b/a UPS Freight") and UNITED

7   PARCEL SERVICE, INC. ("UPS") (collectively, "Defendants"), for themselves alone and no

8   other defendant, hereby answer and plead in response to Plaintiff EQUAL EMPLOYMENT

9   OPPORTUNITY COMMISSION's complaint ("Complaint") as follows:

10

11         1.     Responding to the Nature of Action section in the Complaint, Defendants

12  admit that Plaintiff purports to bring this action "pursuant to Title VII or [sic] the Civil Rights Act

13  of 1964 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on

14  the basis of sex and retaliation, and to provide appropriate relief to Joanne Nijem who was

15  adversely affected by such practices." Defendants further admit that Plaintiff alleges that

16  Defendant OVERNITE "subjected Ms. Nijem to unlawful discrimination based on her sex and to

17  unlawful retaliation after she expressed her opposition to the unlawful discrimination."

18  Defendants admit and aver that Defendant OVERNITE is a wholly owned subsidiary of United

19  Parcel Service of America, Inc., which in turn is a wholly owned subsidiary of defendant UPS.

20  Except as so expressly admitted, Defendants deny, generally and specifically, each and every

21  remaining allegation contained in the Nature of Action section in the Complaint.

22         2.     Answering Paragraph 1, Defendants admit that Plaintiff purports to invoke

23  the Court's jurisdiction pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343, and 1345. Defendants

24  further admit that Plaintiff purports to institute this action pursuant to "§706(f)(1) and (3) of Title

25  VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e-5(f)(1) and (3)" and "§102 of

26  the Civil Rights Act of 1991, 42 U.S.C. §1981a." Except as so expressly admitted, Defendants

27  deny, generally and specifically, each and every remaining allegation contained in this paragraph.

28

3.    Answering Paragraph 2, Defendants deny, generally and specifically, each and every allegation contained therein. Defendants aver that venue is proper in the United States District Court for the Northern District of California.

4.    Answering Paragraph 3, Defendants admit, on information and belief, that the administrative charges underlying this case were investigated in the San Francisco District Office of Plaintiff EQUAL EMPLOYMENT OPPORTUNITY COMMISSION and the records related to that investigation are in San Francisco. Defendants further aver that this action is appropriate for assignment to the San Francisco/Oakland division of the Northern District of California. Except as so expressly admitted and averred, Defendants deny, generally and specifically, each and every remaining allegation contained in this paragraph.

5.    Answering Paragraph 4, Defendants admit, on information and belief, each and all of the allegations contained therein.

6.    Answering Paragraph 5, Defendants admit that Defendant OVERNITE is incorporated under the laws of the State of Virginia and at all relevant times has done business in the State of California. Except as so expressly admitted, Defendants deny, generally and specifically, each and every remaining allegation contained in this paragraph.

7.    Answering Paragraph 6, Defendants admit that Defendant UPS is incorporated under the laws of the State of Ohio and at all relevant times has done business in the State of California and has continuously had at least 15 employees. Defendants admit and aver that Defendant OVERNITE is a wholly owned subsidiary of United Parcel Service of America, Inc., which in turn is a wholly owned subsidiary of Defendant UPS.

8.    Answering Paragraph 7, Defendants admit each and all of the allegations contained therein.

9.    Answering Paragraph 8, Defendants admit, on information and belief, that more than thirty days prior to the institution of this lawsuit, Ms. Nijem filed a charge with Plaintiff alleging violations of Title VII by Defendant OVERNITE. Except as so expressly admitted, Defendants lack sufficient information and knowledge on which to form a belief as to the truth of the remaining allegations contained in this paragraph, and on that basis, deny them.

1          10.     Answering Paragraph 9, Defendants deny, generally and specifically, each

2 and every allegation contained in this paragraph.

3          11.     Answering Paragraph 10, Defendants deny, generally and specifically, each

4 and every allegation contained in this paragraph.  Defendants further deny, generally and

5 specifically, that Plaintiff has been damaged as alleged or at all.

6          12.     Answering Paragraph 11, Defendants deny, generally and specifically, each

7 and every allegation contained therein.

8          13.     Answering Paragraph 12, Defendants deny, generally and specifically, each

9 and every allegation contained therein.

10          14.     Answering Paragraph 13, Defendants incorporate by reference and re-

11 allege their responses to paragraphs 1 through 9 of the Complaint.

12          15.     Answering Paragraph 14, Defendants deny, generally and specifically, each

13 and every allegation contained therein.

14          16.     Answering Paragraph 15, Defendants deny, generally and specifically, each

15 and every allegation contained therein.  Defendants further deny, generally and specifically, that

16 Plaintiff has been damaged as alleged or at all.

17          17.     Answering Paragraph 16, Defendants deny, generally and specifically, each

18 and every allegation contained therein.

19          18.     Answering Paragraph 17, Defendants deny, generally and specifically, each

20 and every allegation contained therein.

21          19.     Responding to the Prayer for Relief in the Complaint, Defendants deny,

22 generally and specifically, that Plaintiff or Joanne Nijem has been or will be damaged in the sums

23 alleged, in any other sum, or at all, by reason of any act or omission of Defendants or any officer,

24 agent or employee of Defendants.  Defendants further deny, generally and specifically, that the

25 elements of relief sought are available to Plaintiff on the particular claims alleged.

26

27

28

1

AFFIRMATIVE DEFENSES

2

FIRST SEPARATE AND AFFIRMATIVE DEFENSE

3

4      20.    The Complaint, and each purported claim alleged therein, fails to state a

5 claim upon which relief can be granted.

6

7    SECOND SEPARATE AND AFFIRMATIVE DEFENSE

8

9      21.    The Complaint, and each purported claim alleged therein, is barred in

10 whole or in part by all applicable statutes of limitation, including but not limited to 42 U.S.C. §§

11 2000e, *et seq.*

12

13    THIRD SEPARATE AND AFFIRMATIVE DEFENSE

14

15      22.    The Complaint, and each purported claim alleged therein, is barred in

16 whole or in part because Defendants had an honest, good faith belief that all decisions with

17 respect to Ms. Nijem's employment were made by Defendants solely for legitimate, business-

18 related reasons and were reasonably based upon the facts as Defendants understood them.

19

20    FOURTH SEPARATE AND AFFIRMATIVE DEFENSE

21

22      23.    To the extent that Plaintiff makes allegations or claims with respect to a

23 time period more than 300 days before Ms. Nijem allegedly filed a charge with the Equal

24 Employment Opportunity Commission ("EEOC"), or which were not made the subject of a

25 timely EEOC charge, the Court lacks jurisdiction with respect to any such allegations or claims.

26 42 U.S.C. §§ 2000e, *et seq.*

27

28

1

FIFTH SEPARATE AND AFFIRMATIVE DEFENSE

2

3          24.      The Complaint, and each purported claim alleged therein, is barred to the

4  extent that the allegations contained therein do not reasonably fall within the scope of any claims

5  made in any administrative charge filed by Ms. Nijem with the EEOC.

6

7

SIXTH SEPARATE AND AFFIRMATIVE DEFENSE

8

9          25.      Ms. Nijem has failed to mitigate or reasonably attempt to mitigate her

10  damages, if any, as required by law, and any recovery Ms. Nijem otherwise would be entitled to

11  should be precluded or reduced accordingly.

12

13

SEVENTH SEPARATE AND AFFIRMATIVE DEFENSE

14

15          26.      Neither Plaintiff nor Ms. Nijem is entitled to recover any punitive or

16  exemplary damages and any allegations with respect thereto should be stricken because:

17                  (a)      Plaintiff has failed to plead facts sufficient to support allegations of

18  malice or reckless indifference for the rights of Ms. Nijem or that Defendants were motivated by

19  evil motive or intent; and/or

20                  (b)      Neither Defendants nor any managerial agent of Defendants

21  committed any alleged malicious or reckless act, authorized or ratified such an act, or had

22  advance knowledge of the unfitness, if any, of any employee or employees who allegedly

23  committed such an act, or employed any such employee or employees with a reckless indifference

24  towards the rights or safety of others; and/or

25                  (c)      The laws regarding the alleged conduct in question in this action are

26  too vague to permit the imposition of punitive damages, and because the applicable laws, rules

27  and procedures regarding punitive damages deny due process, impose criminal penalties without

28  the requisite protections and violate Defendants' constitutional rights under provisions of the

1  United States and California Constitutions, including, but not limited to, the due process clauses

2  of the Fifth and Fourteenth Amendments to the United States Constitution, and the excessive

3  fines and cruel and unusual punishment clauses of the Eighth Amendment to the United States

4  Constitution and place an unreasonable burden on interstate commerce; and/or

5              (d)    Defendants at all times made good efforts to comply with all

6  applicable laws, including, but not limited to, Title VII.

7

8                  EIGHTH SEPARATE AND AFFIRMATIVE DEFENSE

9

10        27.    Plaintiff is barred from recovering punitive damages because Defendants

11  had in place a policy to prevent discrimination and retaliation in the workplace and made good

12  efforts to implement and enforce that policy.

13

14                  NINTH SEPARATE AND AFFIRMATIVE DEFENSE

15

16        28.    Plaintiff's claim for injunctive and other equitable relief is barred by the

17  doctrine of laches.

18

19                  TENTH SEPARATE AND AFFIRMATIVE DEFENSE

20

21        29.    The Complaint, and each purported claim contained therein, is barred

22  because any recovery from Defendants would result in Plaintiff's unjust enrichment.

23

24                  ELEVENTH SEPARATE AND AFFIRMATIVE DEFENSE

25

26        30.    Defendants did not commit the acts or omissions as alleged in the

27  Complaint for discriminatory and/or retaliatory motives, but assuming that they did, such acts or

28

1    omissions would have been taken in any event for legitimate, non-discriminatory, non-retaliatory,

2    and non-pretextual reasons.

3            WHEREFORE, Defendants pray for judgment as follows:

4

5        1.    That Plaintiff take nothing by reason of its Complaint, that the Complaint

6    be dismissed in its entirety with prejudice, and that judgment be entered for Defendants;

7        2.    That Defendants be awarded their reasonable costs and attorneys' fees; and

8        3.    That Defendants be awarded such other and further relief as the Court

9    deems just and proper.

10   DATED:  December 7, 2007        KATHERINE C. HUIBONHOA
                                     AMY C. HIRSH
11                                   PAUL, HASTINGS, JANOFSKY & WALKER LLP

12

13                                   By:_____/s/ Katherine C. Huibonhoa_____
                                              KATHERINE C. HUIBONHOA
14

15                                   Attorneys for Defendants
                                     Overnite Corporation and United Parcel Service, Inc.
16

17   LEGAL_US_W # 57544672.3

18

19

20

21

22

23

24

25

26

27

28

Case No. C-07-4994 BZ                    -7-         DEFENDANTS' ANSWER TO COMPLAINT