KATHERINE C. HUIBONHOA (SB# 207648)
katherinehuibonhoa@paulhastings.com
AMY C. HIRSH (SB# 246533)
amyhirsh@paulhastings.com
PAUL, HASTINGS, JANOFSKY & WALKER LLP
55 Second Street
Twenty-Fourth Floor
San Francisco, CA 94105-3441
Telephone: (415) 856-7000
Facsimile: (415) 856-7100

Attorneys for Defendants
OVERNITE CORPORATION and UNITED PARCEL SERVICE, INC.

WILLIAM R. TAMAYO (SB# 084965) (CA)
JONATHAN T. PECK (SB# 12303) (VA)
CINDY O'HARA (SB# 114555) (CA)
EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
San Francisco District Office
350 The Embarcadero, Suite 500
San Francisco, CA 94105
Telephone: (415) 625-5653
Facsimile: (415) 625-5657

Attorneys for Plaintiff
EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>Plaintiff,<br><br>vs.<br><br>OVERNITE CORPORATION dba UPS FREIGHT and UNITED PARCEL SERVICE, INC.,<br><br>Defendants. | Case No. C-07-4994 CW<br><br>**STIPULATION AND [PROPOSED] ORDER FOR DEFENDANTS TO FILE A FIRST AMENDED ANSWER TO COMPLAINT** |

## STIPULATION

Pursuant to Federal Rule of Civil Procedure 15(a), Defendants Overnite Corporation (which Defendants allege is erroneously designated in the Complaint as "Overnite Corporation dba UPS Freight") and United Parcel Service, Inc. and Plaintiff Equal Employment Opportunity Commission, acting through their respective counsel of record, hereby stipulate and jointly request that the Court order as follows:

1. Defendants shall have leave to file a First Amended Answer to Complaint in the form attached as Exhibit A to this stipulation.

Dated: March 6, 2008

KATHERINE C. HUIBONHOA
AMY C. HIRSH
PAUL, HASTINGS, JANOFSKY & WALKER LLP

By: _____
AMY C. HIRSH

Attorneys for Defendants
OVERNITE CORPORATION and UNITED PARCEL SERVICE, INC.

Dated: March 6, 2008

WILLIAM R. TAMAYO
JONATHAN T. PECK
CINDY O'HARA
EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

By: _____
CINDY O'HARA

Attorneys for Plaintiff
EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## [PROPOSED] ORDER

PURSUANT TO STIPULATION, IT IS SO ORDERED:

DATED: _____,    By: _____
CLAUDIA WILKEN
Judge, United States District Court

LEGAL_US_W # 58320093.1

**EXHIBIT A**

| | |
|---|---|
| 1 | KATHERINE C. HUIBONHOA (SB# 207648) |
|   | katherinehuibonhoa@paulhastings.com |
| 2 | AMY C. HIRSH (SB# 246533) |
|   | amyhirsh@paulhastings.com |
| 3 | PAUL, HASTINGS, JANOFSKY & WALKER LLP |
|   | 55 Second Street |
| 4 | Twenty-Fourth Floor |
|   | San Francisco, CA 94105-3441 |
| 5 | Telephone: (415) 856-7000 |
|   | Facsimile: (415) 856-7100 |
| 6 | |
|   | Attorneys for Defendants |
| 7 | OVERNITE CORPORATION and UNITED PARCEL SERVICE, INC. |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | CASE NO. C-07-4994 CW |
| Plaintiff, | **DEFENDANTS OVERNITE CORPORATION AND UNITED PARCEL SERVICE, INC.'S FIRST AMENDED ANSWER TO COMPLAINT** |
| vs. | |
| OVERNITE CORPORATION dba UPS FREIGHT and UNITED PARCEL SERVICE, INC., | |
| Defendants. | |

TO PLAINTIFF EQUAL EMPLOYMENT OPPORTUNITY COMMISSION AND TO ITS ATTORNEYS OF RECORD, WILLIAM R. TAMAYO, JONATHAN T. PECK, CINDY O'HARA AND EEOC:

Defendants OVERNITE CORPORATION ("OVERNITE") (erroneously designated in the Complaint as "Overnite Corporation d/b/a UPS Freight") and UNITED PARCEL SERVICE, INC. ("UPS") (collectively, "Defendants"), for themselves alone and no other defendant, hereby answer and plead in response to Plaintiff EQUAL EMPLOYMENT OPPORTUNITY COMMISSION's complaint ("Complaint") as follows:

Case No. C-07-4994 CW

DEFENDANTS' AMENDED ANSWER TO COMPLAINT

1.       Responding to the Nature of Action section in the Complaint, Defendants admit that Plaintiff purports to bring this action "pursuant to Title VII or [sic] the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of sex and retaliation, and to provide appropriate relief to Joanne Nijem who was adversely affected by such practices." Defendants further admit that Plaintiff alleges that Defendant OVERNITE "subjected Ms. Nijem to unlawful discrimination based on her sex and to unlawful retaliation after she expressed her opposition to the unlawful discrimination." Defendants admit and aver that Defendant OVERNITE is a wholly owned subsidiary of United Parcel Service of America, Inc., which in turn is a wholly owned subsidiary of defendant UPS. Except as so expressly admitted, Defendants deny, generally and specifically, each and every remaining allegation contained in the Nature of Action section in the Complaint.

2.       Answering Paragraph 1, Defendants admit that Plaintiff purports to invoke the Court's jurisdiction pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343, and 1345. Defendants further admit that Plaintiff purports to institute this action pursuant to "§706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e-5(f)(1) and (3)" and "§102 of the Civil Rights Act of 1991, 42 U.S.C. §1981a." Except as so expressly admitted, Defendants deny, generally and specifically, each and every remaining allegation contained in this paragraph.

3.       Answering Paragraph 2, Defendants deny, generally and specifically, each and every allegation contained therein. Defendants aver that venue is proper in the United States District Court for the Northern District of California.

4.       Answering Paragraph 3, Defendants admit, on information and belief, that the administrative charges underlying this case were investigated in the San Francisco District Office of Plaintiff EQUAL EMPLOYMENT OPPORTUNITY COMMISSION and the records related to that investigation are in San Francisco. Defendants further aver that this action is appropriate for assignment to the San Francisco/Oakland division of the Northern District of California. Except as so expressly admitted and averred, Defendants deny, generally and specifically, each and every remaining allegation contained in this paragraph.

5. Answering Paragraph 4, Defendants admit, on information and belief, each and all of the allegations contained therein.

6. Answering Paragraph 5, Defendants admit that Defendant OVERNITE is incorporated under the laws of the State of Virginia and at all relevant times has done business in the State of California. Except as so expressly admitted, Defendants deny, generally and specifically, each and every remaining allegation contained in this paragraph.

7. Answering Paragraph 6, Defendants admit that Defendant UPS is incorporated under the laws of the State of Ohio and at all relevant times has done business in the State of California and has continuously had at least 15 employees. Defendants admit and aver that Defendant OVERNITE is a wholly owned subsidiary of United Parcel Service of America, Inc., which in turn is a wholly owned subsidiary of Defendant UPS.

8. Answering Paragraph 7, Defendants admit each and all of the allegations contained therein.

9. Answering Paragraph 8, Defendants admit, on information and belief, that more than thirty days prior to the institution of this lawsuit, Ms. Nijem filed a charge with Plaintiff alleging violations of Title VII by Defendant OVERNITE. Except as so expressly admitted, Defendants lack sufficient information and knowledge on which to form a belief as to the truth of the remaining allegations contained in this paragraph, and on that basis, deny them.

10. Answering Paragraph 9, Defendants deny, generally and specifically, each and every allegation contained in this paragraph.

11. Answering Paragraph 10, Defendants deny, generally and specifically, each and every allegation contained in this paragraph. Defendants further deny, generally and specifically, that Plaintiff has been damaged as alleged or at all.

12. Answering Paragraph 11, Defendants deny, generally and specifically, each and every allegation contained therein.

13. Answering Paragraph 12, Defendants deny, generally and specifically, each and every allegation contained therein.

14. Answering Paragraph 13, Defendants incorporate by reference and re-allege their responses to paragraphs 1 through 9 of the Complaint.

15. Answering Paragraph 14, Defendants deny, generally and specifically, each and every allegation contained therein.

16. Answering Paragraph 15, Defendants deny, generally and specifically, each and every allegation contained therein. Defendants further deny, generally and specifically, that Plaintiff has been damaged as alleged or at all.

17. Answering Paragraph 16, Defendants deny, generally and specifically, each and every allegation contained therein.

18. Answering Paragraph 17, Defendants deny, generally and specifically, each and every allegation contained therein.

19. Responding to the Prayer for Relief in the Complaint, Defendants deny, generally and specifically, that Plaintiff or Joanne Nijem has been or will be damaged in the sums alleged, in any other sum, or at all, by reason of any act or omission of Defendants or any officer, agent or employee of Defendants. Defendants further deny, generally and specifically, that the elements of relief sought are available to Plaintiff on the particular claims alleged.

## AFFIRMATIVE DEFENSES

### FIRST SEPARATE AND AFFIRMATIVE DEFENSE

20. The Complaint, and each purported claim alleged therein, fails to state a claim upon which relief can be granted.

### SECOND SEPARATE AND AFFIRMATIVE DEFENSE

21. The Complaint, and each purported claim alleged therein, is barred in whole or in part by all applicable statutes of limitation, including but not limited to 42 U.S.C. §§ 2000e, *et seq.*

### THIRD SEPARATE AND AFFIRMATIVE DEFENSE

22. The Complaint, and each purported claim alleged therein, is barred in whole or in part because Defendants had an honest, good faith belief that all decisions with

respect to Ms. Nijem's employment were made by Defendants solely for legitimate, business-related reasons and were reasonably based upon the facts as Defendants understood them.

### FOURTH SEPARATE AND AFFIRMATIVE DEFENSE

23. To the extent that Plaintiff makes allegations or claims with respect to a time period more than 300 days before Ms. Nijem allegedly filed a charge with the Equal Employment Opportunity Commission ("EEOC"), or which were not made the subject of a timely EEOC charge, the Court lacks jurisdiction with respect to any such allegations or claims. 42 U.S.C. §§ 2000e, *et seq.*

### FIFTH SEPARATE AND AFFIRMATIVE DEFENSE

24. The Complaint, and each purported claim alleged therein, is barred to the extent that the allegations contained therein do not reasonably fall within the scope of any claims made in any administrative charge filed by Ms. Nijem with the EEOC.

### SIXTH SEPARATE AND AFFIRMATIVE DEFENSE

25. Defendants exercised reasonable care to prevent and correct promptly harassing behavior, if any, and Ms. Nijem unreasonably failed to take advantage of the preventive or corrective opportunities provided by Defendants or otherwise avoid harm.

### SEVENTH SEPARATE AND AFFIRMATIVE DEFENSE

26. Ms. Nijem has failed to mitigate or reasonably attempt to mitigate her damages, if any, as required by law, and any recovery Ms. Nijem otherwise would be entitled to should be precluded or reduced accordingly.

### EIGHTH SEPARATE AND AFFIRMATIVE DEFENSE

27. Neither Plaintiff nor Ms. Nijem is entitled to recover any punitive or exemplary damages and any allegations with respect thereto should be stricken because:

    (a) Plaintiff has failed to plead facts sufficient to support allegations of malice or reckless indifference for the rights of Ms. Nijem or that Defendants were motivated by evil motive or intent; and/or

    (b) Neither Defendants nor any managerial agent of Defendants committed any alleged malicious or reckless act, authorized or ratified such an act, or had

1  advance knowledge of the unfitness, if any, of any employee or employees who allegedly
2  committed such an act, or employed any such employee or employees with a reckless indifference
3  towards the rights or safety of others; and/or

4      (c)    The laws regarding the alleged conduct in question in this action are
5  too vague to permit the imposition of punitive damages, and because the applicable laws, rules
6  and procedures regarding punitive damages deny due process, impose criminal penalties without
7  the requisite protections and violate Defendants' constitutional rights under provisions of the
8  United States and California Constitutions, including, but not limited to, the due process clauses
9  of the Fifth and Fourteenth Amendments to the United States Constitution, and the excessive
10 fines and cruel and unusual punishment clauses of the Eighth Amendment to the United States
11 Constitution and place an unreasonable burden on interstate commerce; and/or

12     (d)    Defendants at all times made good efforts to comply with all
13 applicable laws, including, but not limited to, Title VII.

### NINTH SEPARATE AND AFFIRMATIVE DEFENSE

15     28.    Plaintiff is barred from recovering punitive damages because Defendants
16 had in place a policy to prevent discrimination and retaliation in the workplace and made good
17 efforts to implement and enforce that policy.

### TENTH SEPARATE AND AFFIRMATIVE DEFENSE

19     29.    Plaintiff's claim for injunctive and other equitable relief is barred by the
20 doctrine of laches.

### ELEVENTH SEPARATE AND AFFIRMATIVE DEFENSE

22     30.    The Complaint, and each purported claim contained therein, is barred
23 because any recovery from Defendants would result in Plaintiff's unjust enrichment.

### TWELFTH SEPARATE AND AFFIRMATIVE DEFENSE

25     31.    Defendants did not commit the acts or omissions as alleged in the
26 Complaint for discriminatory and/or retaliatory motives, but assuming that they did, such acts or
27 omissions would have been taken in any event for legitimate, non-discriminatory, non-retaliatory,
28 and non-pretextual reasons.

WHEREFORE, Defendants pray for judgment as follows:

1. That Plaintiff take nothing by reason of its Complaint, that the Complaint be dismissed in its entirety with prejudice, and that judgment be entered for Defendants;

2. That Defendants be awarded their reasonable costs and attorneys' fees; and

3. That Defendants be awarded such other and further relief as the Court deems just and proper.

DATED: March __, 2008

KATHERINE C. HUIBONHOA
AMY C. HIRSH
PAUL, HASTINGS, JANOFSKY & WALKER LLP


By:_____
AMY C. HIRSH

Attorneys for Defendants
Overnite Corporation and United Parcel Service, Inc.

LEGAL_US_W # 58320340.1