KATHERINE C. HUIBONHOA (SB# 207648)
katherinehuibonhoa@paulhastings.com
AMY C. HIRSH (SB# 246533)
amyhirsh@paulhastings.com
PAUL, HASTINGS, JANOFSKY & WALKER LLP
55 Second Street
Twenty-Fourth Floor
San Francisco, CA 94105-3441
Telephone: (415) 856-7000
Facsimile: (415) 856-7100

Attorneys for Defendants
OVERNITE CORPORATION and UNITED PARCEL SERVICE, INC.

WILLIAM R. TAMAYO (SB# 084965) (CA)
JONATHAN T. PECK (SB# 12303) (VA)
CINDY O'HARA (SB# 114555) (CA)
EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
San Francisco District Office
350 The Embarcadero, Suite 500
San Francisco, CA 94105
Telephone: (415) 625-5653
Facsimile: (415) 625-5657

Attorneys for Plaintiff
EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>Plaintiff,<br><br>vs.<br><br>OVERNITE CORPORATION dba UPS FREIGHT and UNITED PARCEL SERVICE, INC.,<br><br>Defendants. | Case No. C-07-4994 CW<br><br>**JOINT CASE MANAGEMENT STATEMENT AND [PROPOSED] ORDER**<br><br>Date: March 18, 2008<br>Time: 2:00 p.m.<br>Courtroom: 2, 4th Floor |

The parties to the above-entitled action jointly submit this Case Management Statement and Proposed Order and request the Court to adopt it as its Case Management Order in this case.

## I. JURISDICTION AND SERVICE

This Court has subject matter jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343, and 1345. No issues exist regarding personal jurisdiction or venue. All parties have been served.

## II. FACTS

Joanne Nijem ("Nijem") worked for Defendant Overnite Corporation[1] ("Overnite") as a full-time operations clerk in Benicia, California. Plaintiff Equal Employment Opportunity Commission ("Plaintiff") alleges that since at least August 2004, Overnite has engaged in unlawful sex discrimination against Nijem, including but not limited to hostile environment harassment and discriminatory discharge. Plaintiff further alleges that Overnite retaliated against Nijem for complaining about sex discrimination by suspending her and subsequently terminating her employment. Plaintiff brings this action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991.

### A. Defendants' Factual Summary:

Overnite and Defendant United Parcel Service, Inc. ("UPS") (collectively, "Defendants") deny all of Plaintiff's allegations and deny that they engaged in any unlawful conduct with respect to Nijem's employment or that she suffered any damages as the result of any alleged conduct. In December of 2004, Overnite terminated Nijem's employment for insubordination and job abandonment. Overnite followed all relevant employment laws in its interactions with Nijem and made all of its decisions regarding Nijem for legitimate, non-discriminatory, and non-retaliatory business reasons. As such, Plaintiff will not be able to prove

---

[1] The parties are not in agreement as to the identity of Charging Party Nijem's employer. Plaintiff EEOC has identified Defendants as Overnite Corporation dba UPS Freight and United Parcel Service, Inc.; Defendants assert that "Overnite Corporation dba UPS Freight" is an incorrect designation and that Ms. Nijem's employer is simply "Overnite Corporation." For purposes of this Joint Statement, the parties agree to the use of "Overnite Corporation," without conceding the propriety of that designation.

1  any discrimination, retaliation or other wrongdoing by Defendants.

**B.    Plaintiff's Factual Summary:**

Defendant Overnite Transportation, Inc. ("Overnite") was a nationwide trucking company that had 170 service centers and some 13,000 employees at the time of the violations. Plaintiff EEOC believes that Overnite Transportation was acquired by United Postal Service, Inc. in approximately May of 2006, which re-branded Overnite Transportation as UPS Freight. Charging Party Joanne Nijem, a Latina female, worked as a clerk in the "Over, Short, & Damaged Freight" department in the Benicia, California facility from October 2001 until January 2005 when she was discharged.

Charging Party Nijem's work problems began in approximately August 2004 when C. Paul Hughes became the Facility Manager in charge of her worksite. Facility Manager Hughes subjected Charging Party Nijem, the only woman under his supervision, to almost daily acts of hostility and demeaning disparagement. Although Ms. Nijem was regarded by her co-workers and supervisors as hardworking and conscientious, Facility Manager Hughes displayed a strong animus against her. On a regular basis Facility Manager Hughes would overscrutinize Ms. Nijem's every move at work, berate her in front of customers and coworkers and nitpick her performance. Facility Manager Hughes would talk down to Charging Party, and make derogatory remarks about her to her and others in an attempt to get Charging Party to resign her employment. None of the male employees were subjected to similar treatment.

In approximately December 2004, Charging Party called Defendant's employee hotline and complained about Facility Manager Hughes's harassment and mistreatment. The situation was not remedied, and a few days later on or about December 23, 2004, following another barrage of harassment from Hughes, Charging Party called Defendant Overnite's Regional Director, who told her to go home for the rest of the day. When Charging Party returned to work on or about December 28, 2004, her next scheduled workday, Facility Manager Hughes confronted her, berated her for complaining, and ordered her to clock out, and not return until further notice. Charging Party once again called and left complaints with the employee hotline and Defendant's Manager of Employee Relations. Defendant conducted little to no

investigation of Charging Party's complaints of harassment and discrimination; instead, on or about January 7, 2005, Charging Party was informed that Facility Manager Hughes had terminated her employment.

### III. LEGAL ISSUES

Because this case is at an early phase, and because the parties have not yet conducted discovery, the parties do not know what legal issues may be in dispute. However, it appears there will be disputed legal issues regarding the following topics:

**A.  Defendants' Issues:**

1. Whether Defendants terminated Nijem because of her sex, or took any other action against Nijem because of her sex, in violation of Section 706(3)(a) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-2(a)(1);

2. Whether Nijem suffered an adverse employment action;

3. Whether Defendants had a legitimate, non-discriminatory reason for any alleged adverse action against Nijem;

4. Whether Overnite's stated reasons for the alleged adverse action against Nijem were a pretext for discrimination;

5. Whether Defendants retaliated against Nijem after she allegedly expressed her opposition to the alleged sex discrimination by suspending her and subsequently terminating her employment, in violation of Section 704(a) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-3(a);

6. To the extent Plaintiff states a cause of action for unlawful harassment, whether Defendants exercised reasonable care to prevent and correct promptly harassing behavior, if any, and Nijem unreasonably failed to take advantage of the preventive or corrective opportunities provided by Defendants or otherwise avoid harm;

7. Whether Nijem suffered any damages as the result of any alleged wrongful conduct by Defendants;

8. Whether Nijem satisfied her duty to mitigate any alleged damages;

9.  Whether Nijem suffered any emotional distress as a result of Defendants' alleged conduct and, if so, the nature and extent of any such emotional distress;

10. Whether Plaintiff's claims are barred because Nijem failed to exhaust her administrative remedies;

11. Whether Plaintiff's claims are barred by the applicable statute of limitations; and

12. Whether Nijem is entitled to any punitive damages.

B.  **Plaintiff's Issues:**

1.  Whether Charging Party Joanna Nijem suffered sex discrimination as a result of the conduct of Defendants, including but not limited to harassment and discharge from her employment because of her sex.

2.  Whether Charging Party Joanna Nijem suffered retaliation by Defendants, including but not limited to suspension and discharge from employment.

IV. **MOTIONS**

At the appropriate time, Defendants anticipate moving for summary judgment or, in the alternative, summary adjudication, on all of Plaintiff's claims. Defendants will file discovery motions as necessary.

Plaintiff may, at the appropriate time, move to have some or all issues summarily adjudicated. Plaintiff will file discovery motions as necessary.

V.  **AMENDMENT OF THE PLEADINGS**

A.  **Defendants' Response:**

The parties stipulated to allow Defendants to file a First Amended Answer. Defendants do not anticipate filing any additional amended pleadings.

B.  **Plaintiff's Response:**

Plaintiff EEOC presently does not anticipate needing to amend its Complaint.

VI. **EVIDENCE PRESERVATION**

Defendants have notified relevant personnel of the need to preserve evidence relevant to the issues reasonably evident in this action, including all relevant documents, records,

and electronic information in their possession.

Plaintiff EEOC preserves documentary evidence, and archives electronic evidence.

## VII. INITIAL DISCLOSURES

The parties have agreed to exchange initial disclosures pursuant to Rule 26 of the Federal Rules of Civil Procedure on or before March 11, 2008.

## VIII. DISCOVERY

### A. Defendants' Response:

On February 28, 2008, after the Rule 26 meet and confer conference, Defendants served Plaintiff with a request for documents. Defendants plan to serve Nijem with a deposition subpoena and request for documents. Through the course of this litigation, Defendants may propound additional discovery requests, including interrogatories, requests for admission, document requests, and third party subpoenas. Additionally, Defendants may take the depositions of multiple other witnesses, including expert witnesses as appropriate.

### B. Plaintiff's Response:

Plaintiff EEOC will conduct written discovery and depositions.

The parties do not anticipate needing relief from the limits of the Federal Rules of Civil Procedure regarding discovery in this case. The parties agree to meet and confer and attempt to seek resolution if either party later believes such relief is necessary.

## IX. CLASS ACTIONS

This case is not a class action.

## X. RELATED CASES

The parties are not aware of any related cases.

## XI. RELIEF

### A. Defendants' Response:

Defendants contend that neither Plaintiff nor Nijem has been damaged at all, in any amount.

### B. Plaintiff's Response:

Plaintiff EEOC seeks to make Ms. Nijem whole for her lost wages and benefits,

plus interest, reinstatement or front pay, compensatory damages for emotional distress and other incidental expenses resulting from the discrimination. Plaintiff EEOC is seeking payroll and benefit information from Defendants through discovery, and will calculate based on that information. Plaintiff EEOC also seeks injunctive relief to remedy past and prevent future discrimination based on sex, including harassment, and retaliation.

## XII. SETTLEMENT AND ALTERNATIVE DISPUTE RESOLUTION

Because this case is at an early phase, and because the parties have not yet conducted discovery, the parties do not know the prospects for settlement. The parties filed the ADR Certification and Stipulation and [Proposed] Order Selecting ADR on February 4, 2008, which the Court signed on February 11, 2008. The parties agreed to court mediation within the presumptive deadline. On February 28, 2008, the Court assigned Jacqueline Scott Corley as the mediator for this case.

## XIII. MAGISTRATE JUDGE

Defendants did not consent to have a magistrate judge conduct all further proceedings in this matter, including trial.

## XIV. OTHER REFERENCES

The parties do not believe that this case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

## XV. NARROWING OF ISSUES

Defendants anticipate filing a summary judgment motion on all of Plaintiff's claims. Additionally, if the case proceeds to trial, Defendants further anticipate filing a motion to bifurcate the damages phase from the liability phase of Plaintiff's trial.

Plaintiff EEOC may, if appropriate, move for summary adjudication of some issues in this case. Given that this is a straightforward case involving just one charging party, Plaintiff EEOC does not see a need for bifurcation.

## XVI. EXPEDITED SCHEDULE

The parties do not believe this case can be handled on an expedited basis with streamlined procedures.

## XVII. SCHEDULING

### A. Plaintiff EEOC's proposed schedule:

Plaintiff EEOC requests a discovery cut off for both non-expert and expert discovery of October 3, 2008.

Plaintiff EEOC requests disclosure of experts one month before the above discovery cut off, on September 1, 2008, with disclosure of rebuttal experts two weeks later.

Plaintiff EEOC requests the last day for filing of dispositive motions on October 30, 2008, with hearing on December 4, 2008.

Plaintiff EEOC, like Defendants, requests a trial date in March 2009.

### B. Defendants' proposed schedule:

Defendants respectfully request a non-expert discovery cut-off date of July 1, 2008.

Defendants propose that the deadline for filing dispositive motions is August 15, 2008.

Defendants propose a cut-off date for the exchange of names, vitae, and expert reports of expert witnesses of November 3, 2008.

As Defendants wish to avoid the expense of expert discovery until after dispositive motions have been decided, Defendants propose an expert discovery cut-off date of December 22, 2008.

Defendants request a pretrial conference date of February 10, 2009 and a trial date in March 2009.

## XVIII. TRIAL

Plaintiff has requested a jury trial. Because of the early stage of the proceedings, the parties are uncertain how long the trial may last but anticipate that it may last ten court days.

## XIX. DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS

Defendants filed the "Certification of Interested Entities or Persons" required by Civil Local Rule 3-16. In their certification, Defendants stated that Defendant Overnite Corporation is a wholly owned subsidiary of United Parcel Service of America, Inc., which in

turn is a wholly owned subsidiary of Defendant United Parcel Service, Inc., which is a publicly traded company. Defendants further certified that UPS Ground Freight, Inc. d/b/a UPS Freight is a wholly owned subsidiary of Defendant Overnite Corporation.

Dated: March 11, 2008

KATHERINE C. HUIBONHOA
AMY C. HIRSH
PAUL, HASTINGS, JANOFSKY & WALKER LLP

By: _____/s/_____
    AMY C. HIRSH

Attorneys for Defendants
OVERNITE CORPORATION and UNITED PARCEL SERVICE, INC.

Dated: March___, 2008

WILLIAM R. TAMAYO
JONATHAN T. PECK
CINDY O'HARA
EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

By: _____
    CINDY O'HARA

Attorneys for Plaintiff
EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

turn is a wholly owned subsidiary of Defendant United Parcel Service, Inc., which is a publicly traded company. Defendants further certified that UPS Ground Freight, Inc. d/b/a UPS Freight is a wholly owned subsidiary of Defendant Overnite Corporation.

Dated: March ___, 2008

KATHERINE C. HUIBONHOA
AMY C. HIRSH
PAUL, HASTINGS, JANOFSKY & WALKER LLP


By: _____
    AMY C. HIRSH

Attorneys for Defendants
OVERNITE CORPORATION and UNITED PARCEL SERVICE, INC.

Dated: March 11, 2008

WILLIAM R. TAMAYO
JONATHAN T. PECK
CINDY O'HARA
EQUAL EMPLOYMENT OPPORTUNITY COMMISSION


By: /S/ _____
    CINDY O'HARA

Attorneys for Plaintiff
EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

**[PROPOSED] CASE MANAGEMENT ORDER**

The Joint Case Management Conference Statement and Proposed Order is hereby adopted by the Court as the Case Management Order for the case and the parties are ordered to comply with this Order.

DATED: _____.    By:_____
CLAUDIA WILKEN
Judge, United States District Court