1  KATHERINE C. HUIBONHOA (SB# 207648)
   katherinehuibonhoa@paulhastings.com
2  AMY C. HIRSH (SB# 246533)
   amyhirsh@paulhastings.com
3  PAUL, HASTINGS, JANOFSKY & WALKER LLP
   55 Second Street
4  Twenty-Fourth Floor
   San Francisco, CA  94105-3441
5  Telephone:  (415) 856-7000
   Facsimile:  (415) 856-7100
6
   Attorneys for Defendants
7  OVERNITE CORPORATION and UNITED PARCEL SERVICE, INC.

8  WILLIAM R. TAMAYO (SB# 084965) (CA)
   JONATHAN T. PECK (SB# 12303) (VA)
9  CINDY O'HARA (SB# 114555) (CA)
   EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
10 San Francisco District Office
   350 The Embarcadero, Suite 500
11 San Francisco, CA 94105
   Telephone:  (415) 625-5653
12 Facsimile:  (415) 625-5657

13 Attorneys for Plaintiff
   EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
14

15                 UNITED STATES DISTRICT COURT

16               NORTHERN DISTRICT OF CALIFORNIA

17                      OAKLAND DIVISION

18

| | |
|---|---|
| 19  EQUAL EMPLOYMENT<br>20  OPPORTUNITY COMMISSION,<br><br>21              Plaintiff,<br><br>22        vs.<br>23<br>    OVERNITE CORPORATION dba UPS<br>24  FREIGHT and UNITED PARCEL<br>    SERVICE, INC.,<br>25<br>26              Defendants. | CASE NO. C-07-4994 CW<br><br>**CONFIDENTIALITY STIPULATION AND**<br>**[PROPOSED] ORDER** |

27

28

1    In order to protect the confidentiality of confidential information obtained by the

2  parties in connection with this case, the parties hereby agree as follows:

3

4    1.    Any party may designate as "confidential" (by stamping the relevant page or as

5  otherwise set forth herein) any document or response to discovery which that party considers in

6  good faith to contain information involving personal information (including, but not limited to,

7  individuals' addresses, social security numbers, or health and medical information), trade secrets,

8  confidential business or financial information, or other information the disclosure of which is

9  restricted or prohibited by applicable law.  Where a document or response consists of more than

10  one page, the first page and each page on which confidential information appears shall be so

11  designated.

12

13    2.    The provisions of this agreement and order do not apply to documents or other

14  information proposed for introduction at, or actually introduced during, trial, but this does not

15  preclude any order protecting confidentiality of such information which the Court may

16  subsequently issue.

17

18    3.    A party may designate information disclosed during a deposition or in response to

19  written discovery as "confidential" by so indicating in said responses or on the record at the

20  deposition and requesting the preparation of a separate transcript of such material.  Additionally a

21  party may designate in writing, within twenty (20) days after receipt of said responses or of the

22  deposition transcript for which the designation is proposed, that specific pages of the transcript

23  and/or specific responses be treated as "confidential" information.  After any designation made

24  according to the procedure set forth in this or in Paragraph 1, the designated documents or

25  information shall be treated according to the designation until the matter is resolved according to

26  the procedures described in paragraph 7 below.  All documents and information designated

27  "confidential" are hereinafter identified as "Confidential Information."

28

1    4.    All Confidential Information produced or exchanged in the course of this case

2    (other than information that is publicly available) shall be used by the party or parties to whom

3    the information is produced solely for the purpose of this case.

4

5    5.    Except with the prior written consent of the other parties, or upon prior order of

6    this Court obtained upon notice to opposing counsel, Confidential Information shall not be

7    disclosed by the non-producing party to any person other than:

8

9        a.    counsel for the respective parties to this litigation, including in-house

10    counsel and co-counsel retained for this litigation, and the legal staff and employees of such

11    counsel who are working on this action;

12

13        b.    individual parties (including charging parties) and their representatives and

14    any officer or employee of a party, to the extent deemed necessary by counsel for the prosecution

15    or defense of this litigation;

16

17        c.    consultants or expert witnesses retained for the prosecution or defense of

18    this litigation, and their employees who are working on this action, provided that each such

19    person shall execute a copy of the attached Certification before being shown or given any

20    Confidential Information;

21

22        d.    any authors or recipients of the Confidential Information;

23

24        e.    the Court, its employees, court reporters, and the jury;

25

26        f.    any mediator, arbitrator, or other alternate dispute resolution facilitator

27    retained for this litigation; and

28

1            g.     non-party witnesses and potential witnesses (other than persons described

2 in paragraph 5(d)) in preparation for, and in the course of, depositions or interviews, if, in the

3 reasonable and good faith opinion of the parties' counsel, examination with respect to such

4 information is for legitimate litigation purposes. Non-party witnesses and potential witnesses

5 shall sign the attached Certification before being shown or given any Confidential Information.

6

7            6.     Any persons receiving Confidential Information shall not reveal or discuss such

8 information to or with any person who is not entitled to receive such information, except as set

9 forth herein.

10

11            7.     In the event that any portion of any document, answer to interrogatory or request

12 for admission, or deposition transcript identified as containing Confidential Information, or any

13 pleading, motion, brief or declaration containing or disclosing Confidential Information, is

14 submitted to the Court by the non-producing party for any purpose, the parties agree to proceed

15 by either of the following alternatives:

16

17                 (a)     The submitting party will notify the party to whom the

18 Confidential Information belongs at least five (5) calendar days prior to filing the pleading,

19 motion, brief or declaration containing or disclosing the Confidential Information to the Court.

20 The submitting party will specify what Confidential Information will be submitted to the Court so

21 that the party to whom the information belongs may prepare the appropriate motion to have the

22 record filed under seal. The parties will then coordinate the filing of the pleading, motion, brief

23 or declaration so that the party to whom the Confidential Information belongs can simultaneously

24 file the appropriate motion with the Court to have the record filed under seal in accordance with

25 Northern District of California Local Rule of Court 79-5. The party filing the pleading, motion,

26 brief or declaration will lodge the Confidential Information with the Court in accordance with

27 Northern District of California Local Rule of Court 79-5.

28

1               (b)    The submitting party itself may itself request of the Court

2 that the document or portion thereof, which has been designated confidential, be filed under seal

3 in accordance with Northern District of California Local Rule of Court 79-5.

7     8.    If a party contends that any material is not entitled to confidential treatment, such

8 party may at any time give written notice to the party or non-party who designated the material.

9 The party who designated the material shall have fourteen (14) days from the receipt of such

10 written notice to apply to the Court for an order designating the material as confidential. The

11 party seeking the order has the burden of establishing that the document is entitled to protection.

12 Notwithstanding any challenge to the designation of material as Confidential Information, all

13 documents shall be treated as such and shall be subject to the provisions hereof unless and until

14 one of the following occurs:

16     a.    the party who claims that the material is Confidential Information

17 withdraws such designation in writing; or

19     b.    the party who claims that the material is Confidential Information fails to

20 apply to the Court for an order designating the material confidential within the time period

21 specified above after receipt of a written challenge to such designation; or

23     c.    the Court rules the material is not Confidential Information.

25     9.    All provisions of this Order restricting the communication or use of Confidential

26 Information shall continue to be binding after the conclusion of this action, unless otherwise

27 agreed or ordered.

1      10.    Nothing herein shall be deemed to waive any applicable privilege or work product

2 protection, or to affect the ability of a party to seek relief for an inadvertent disclosure of material

3 protected by privilege or work product protection.

4

5      11.    This stipulation shall become effective and binding upon the parties as of March

6 11, 2008.

7

8 DATED: March 19, 2008      KATHERINE C. HUIBONHOA
AMY C. HIRSH

9                  PAUL, HASTINGS, JANOFSKY & WALKER LLP

10

11                  By:     _____
                              AMY C. HIRSH

12

13

14                  Attorneys for Defendants
                  OVERNITE CORPORATION and UNITED PARCEL

15                  SERVICE, INC.

16

17 DATED: March 19, 2008      WILLIAM R. TAMAYO
JONATHAN T. PECK

18                  CINDY O'HARA
                  EQUAL EMPLOYMENT OPPORTUNITY

19                  COMMISSION

20

21                  By:     _____

22                              CINDY O'HARA

23

24                  Attorneys for Plaintiff
                  EQUAL EMPLOYMENT OPPORTUNITY

25                  COMMISSION

26

27

28

CASE NO. C-07-4994 CW        -6-        CONFIDENTIALITY STIPULATION
                                                               AND ORDER

1

**ORDER**

2

3          THE FOREGOING STIPULATION IS APPROVED AND SO ORDERED.

4

5     DATED: _____

6

7                                        _____
                                              HON. CLAUDIA WILKEN
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

---

CASE NO.  C-07-4994 CW                    -7-              CONFIDENTIALITY STIPULATION
                                                                      AND ORDER

1

## CERTIFICATION

2

3

4              I hereby certify my understanding that Confidential Information is being provided

5      to me pursuant to the terms and restrictions of the Protective Order dated March 11, 2008, in

6      EQUAL EMPLOYMENT OPPORTUNITY COMMISSION v. OVERNITE CORPORATION

7      (which Defendants allege is erroneously designated in the Complaint as "Overnite Corporation

8      dba UPS Freight") and UNITED PARCEL SERVICE, INC., Case No. C-07-4994 CW. I have

9      been given a copy of that Order and read it. I agree to be bound by the Order. I will not reveal the

10     Confidential Information to anyone, except as allowed by the Order. I will maintain all such

11     Confidential Information — including copies, notes, or other transcriptions made therefrom — in

12     a secure manner to prevent unauthorized access to it. No later than thirty (30) days after the

13     conclusion of this action, I will return the Confidential Information — including copies, notes, or

14     other transcriptions made therefrom — to the counsel who provided me with the Confidential

15     Information. I hereby consent to the jurisdiction of the United States District Court for the

16     Northern District of California for the purpose of enforcing the Order.

17     DATED: _____

18

19

20                                        _____

21     LEGAL_US_W # 58317899.1

22

23

24

25

26

27

28

| CASE NO. C-07-4994 CW | -8- | CONFIDENTIALITY STIPULATION AND ORDER |