KATHERINE C. HUIBONHOA (SB# 207648)
katherinehuibonhoa@paulhastings.com
AMY C. HIRSH (SB# 246533)
amyhirsh@paulhastings.com
PAUL, HASTINGS, JANOFSKY & WALKER LLP
55 Second Street
Twenty-Fourth Floor
San Francisco, CA 94105-3441
Telephone: (415) 856-7000
Facsimile: (415) 856-7100

Attorneys for Defendants
OVERNITE CORPORATION and UNITED PARCEL SERVICE, INC.

WILLIAM R. TAMAYO (SB# 084965) (CA)
JONATHAN T. PECK (SB# 12303) (VA)
CINDY O'HARA (SB# 114555) (CA)
EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
San Francisco District Office
350 The Embarcadero, Suite 500
San Francisco, CA 94105
Telephone: (415) 625-5653
Facsimile: (415) 625-5657

Attorneys for Plaintiff
EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>Plaintiff,<br><br>vs.<br><br>OVERNITE CORPORATION dba UPS FREIGHT and UNITED PARCEL SERVICE, INC.,<br><br>Defendants. | CASE NO. C-07-4994 CW<br><br>**CONFIDENTIALITY STIPULATION AND ORDER** |

1       In order to protect the confidentiality of confidential information obtained by the parties in connection with this case, the parties hereby agree as follows:

1. Any party may designate as "confidential" (by stamping the relevant page or as otherwise set forth herein) any document or response to discovery which that party considers in good faith to contain information involving personal information (including, but not limited to, individuals' addresses, social security numbers, or health and medical information), trade secrets, confidential business or financial information, or other information the disclosure of which is restricted or prohibited by applicable law. Where a document or response consists of more than one page, the first page and each page on which confidential information appears shall be so designated.

2. The provisions of this agreement and order do not apply to documents or other information proposed for introduction at, or actually introduced during, trial, but this does not preclude any order protecting confidentiality of such information which the Court may subsequently issue.

3. A party may designate information disclosed during a deposition or in response to written discovery as "confidential" by so indicating in said responses or on the record at the deposition and requesting the preparation of a separate transcript of such material. Additionally a party may designate in writing, within twenty (20) days after receipt of said responses or of the deposition transcript for which the designation is proposed, that specific pages of the transcript and/or specific responses be treated as "confidential" information. After any designation made according to the procedure set forth in this or in Paragraph 1, the designated documents or information shall be treated according to the designation until the matter is resolved according to the procedures described in paragraph 7 below. All documents and information designated "confidential" are hereinafter identified as "Confidential Information."

1      4.     All Confidential Information produced or exchanged in the course of this case
2 (other than information that is publicly available) shall be used by the party or parties to whom
3 the information is produced solely for the purpose of this case.

5      5.     Except with the prior written consent of the other parties, or upon prior order of
6 this Court obtained upon notice to opposing counsel, Confidential Information shall not be
7 disclosed by the non-producing party to any person other than:

9          a.     counsel for the respective parties to this litigation, including in-house
10 counsel and co-counsel retained for this litigation, and the legal staff and employees of such
11 counsel who are working on this action;

13         b.     individual parties (including charging parties) and any officer or employee
14 of a party, to the extent deemed necessary by counsel for the prosecution or defense of this
15 litigation;

17         c.     consultants or expert witnesses retained for the prosecution or defense of
18 this litigation, and their employees who are working on this action, provided that each such
19 person shall execute a copy of the attached Certification before being shown or given any
20 Confidential Information;

22         d.     any authors or recipients of the Confidential Information;

24         e.     the Court, its employees, court reporters, and the jury;

26         f.     any mediator, arbitrator, or other alternate dispute resolution facilitator
27 retained for this litigation; and

28

1         g.      non-party witnesses and potential witnesses (other than persons described in paragraph 5(d)) in preparation for, and in the course of, depositions or interviews, if, in the reasonable and good faith opinion of the parties' counsel, examination with respect to such information is for legitimate litigation purposes. Non-party witnesses and potential witnesses shall sign the attached Certification before being shown or given any Confidential Information.

6.    Any persons receiving Confidential Information shall not reveal or discuss such information to or with any person who is not entitled to receive such information, except as set forth herein.

7.    In the event that any portion of any document, answer to interrogatory or request for admission, or deposition transcript identified as containing Confidential Information, or any pleading, motion, brief or declaration containing or disclosing Confidential Information, is submitted to the Court by the non-producing party for any purpose, the parties agree as follows: The submitting party will notify the party to whom the Confidential Information belongs at least five (5) calendar days prior to filing the pleading, motion, brief or declaration containing or disclosing the Confidential Information to the Court. The submitting party will specify what Confidential Information will be submitted to the Court so that the party to whom the information belongs may prepare the appropriate motion to have the record filed under seal. The parties will then coordinate the filing of the pleading, motion, brief or declaration so that the party to whom the Confidential Information belongs can simultaneously file the appropriate motion with the Court to have the record filed under seal in accordance with Northern District of California Local Rule of Court 79-5. The party filing the pleading, motion, brief or declaration will lodge the Confidential Information with the Court in accordance with Northern District of California Local Rule of Court 79-5.

8.    If a party contends that any material is not entitled to confidential treatment, such party may at any time give written notice to the party or non-party who designated the material.

1  The party who designated the material shall have twenty-five (25) days from the receipt of such
2  written notice to apply to the Court for an order designating the material as confidential. The
3  party seeking the order has the burden of establishing that the document is entitled to protection.
4  Notwithstanding any challenge to the designation of material as Confidential Information, all
5  documents shall be treated as such and shall be subject to the provisions hereof unless and until
6  one of the following occurs:

      a.    the party who claims that the material is Confidential Information withdraws such designation in writing; or

      b.    the party who claims that the material is Confidential Information fails to apply to the Court for an order designating the material confidential within the time period specified above after receipt of a written challenge to such designation; or

      c.    the Court rules the material is not Confidential Information.

9. All provisions of this Order restricting the communication or use of Confidential Information shall continue to be binding after the conclusion of this action, unless otherwise agreed or ordered.

10. Nothing herein shall be deemed to waive any applicable privilege or work product protection, or to affect the ability of a party to seek relief for an inadvertent disclosure of material protected by privilege or work product protection.

11. This stipulation shall become effective and binding upon the parties as of March 11, 2008.

DATED: March ____, 2008   KATHERINE C. HUIBONHOA
AMY C. HIRSH
PAUL, HASTINGS, JANOFSKY & WALKER LLP

By: _____
AMY C. HIRSH

Attorneys for Defendants
OVERNITE CORPORATION and UNITED PARCEL SERVICE, INC.

DATED: March ____, 2008   WILLIAM R. TAMAYO
JONATHAN T. PECK
CINDY O'HARA
EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

By: _____
CINDY O'HARA

Attorneys for Plaintiff
EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

CASE NO. C-07-4994 CW   -6-   CONFIDENTIALITY STIPULATION AND ORDER

1 **ORDER**

3    THE FOREGOING STIPULATION IS APPROVED AND SO ORDERED.

5    3/20/08

7    DATED: _____

_____
HON. CLAUDIA WILKEN

**CERTIFICATION**

I hereby certify my understanding that Confidential Information is being provided to me pursuant to the terms and restrictions of the Protective Order dated March 11, 2008, in EQUAL EMPLOYMENT OPPORTUNITY COMMISSION v. OVERNITE CORPORATION (which Defendants allege is erroneously designated in the Complaint as "Overnite Corporation dba UPS Freight") and UNITED PARCEL SERVICE, INC., Case No. C-07-4994 CW.  I have been given a copy of that Order and read it. I agree to be bound by the Order.  I will not reveal the Confidential Information to anyone, except as allowed by the Order.  I will maintain all such Confidential Information — including copies, notes, or other transcriptions made therefrom — in a secure manner to prevent unauthorized access to it.  No later than thirty (30) days after the conclusion of this action, I will return the Confidential Information — including copies, notes, or other transcriptions made therefrom — to the counsel who provided me with the Confidential Information.  I hereby consent to the jurisdiction of the United States District Court for the Northern District of California for the purpose of enforcing the Order.

DATED: _____

_____

LEGAL_US_W # 58317899.1