1   KATHERINE C. HUIBONHOA (SB# 207648)
    katherinehuibonhoa@paulhastings.com
2   AMY C. HIRSH (SB# 246533)
    amyhirsh@paulhastings.com
3   PAUL, HASTINGS, JANOFSKY & WALKER LLP
    55 Second Street
4   Twenty-Fourth Floor
    San Francisco, CA 94105-3441
5   Telephone: (415) 856-7000
    Facsimile: (415) 856-7100
6
    Attorneys for Defendants
7   UPS GROUND FREIGHT, INC., d/b/a UPS FREIGHT and UNITED PARCEL SERVICE,
    INC.
8
    WILLIAM R. TAMAYO (SB# 084965) (CA)
9   JONATHAN T. PECK (SB# 12303) (VA)
    CINDY O'HARA (SB# 114555) (CA)
10  EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
    San Francisco District Office
11  350 The Embarcadero, Suite 500
    San Francisco, CA 94105
12  Telephone: (415) 625-5653
    Facsimile: (415) 625-5657
13
    Attorneys for Plaintiff
14  EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

15

16                  UNITED STATES DISTRICT COURT

17               NORTHERN DISTRICT OF CALIFORNIA

18                       OAKLAND DIVISION

19

20  EQUAL EMPLOYMENT                    Case No. C-07-4994 CW
    OPPORTUNITY COMMISSION,
21                                      **STIPULATION FOR PLAINTIFF TO FILE**
                 Plaintiff,             **A FIRST AMENDED COMPLAINT TO**
22                                      **CORRECT DEFENDANT NAME;**
          vs.                           **[PROPOSED] ORDER**
23
    OVERNITE CORPORATION dba UPS
24  FREIGHT and UNITED PARCEL
    SERVICE, INC.,
25
                 Defendants.
26

27

28

    Case No. C-07-4994 CW                    STIPULATION TO FILE FIRST AMENDED
                                                      COMPLAINT; ORDER

1

**STIPULATION**

2        Pursuant to Federal Rule of Civil Procedure 15(a), Defendants UPS Ground

3    Freight, Inc., d/b/a UPS Freight (designated in the Complaint as "Overnite Corporation dba UPS

4    Freight") and United Parcel Service, Inc., and Plaintiff Equal Employment Opportunity

5    Commission, acting through their respective counsel of record, hereby stipulate and jointly

6    request that the Court order as follows:

7

8        1.    Pursuant to the Court's request during the initial Case Management Conference on

9    March 18, 2008, the parties have met and conferred regarding whether Overnite Corporation dba

10   UPS Freight is properly named in the Complaint and, if not, what the correct entity should be.

11   Defendants have informed Plaintiff that the proper operating company, and therefore the proper

12   party to this action, is not the named "Overnite Corporation dba UPS Freight," but instead is

13   "UPS Ground Freight, Inc., d/b/a UPS Freight."  The parties thus shall have leave to amend the

14   pleadings in this action to reflect this correction.

15

16       2.    Specifically, Plaintiff shall have leave to file a First Amended Complaint

17   substituting UPS Ground Freight, Inc., d/b/a UPS Freight for Overnite Corporation dba UPS

18   Freight as a Defendant in this action, in the form attached as Exhibit A to this stipulation.

19

20       3.    After Plaintiff files the First Amended Complaint, Defendants UPS Ground

21   Freight, Inc., d/b/a UPS Freight and United Parcel Service, Inc., shall file an Answer to the First

22   Amended Complaint substituting UPS Ground Freight, Inc., d/b/a UPS Freight for Overnite

23   Corporation dba UPS Freight as a Defendant in this action, in the form attached as Exhibit B to

24   this stipulation.

25

26

27

28

1    Dated:  April 18, 2008                    KATHERINE C. HUIBONHOA
                                              AMY C. HIRSH
2                                             PAUL, HASTINGS, JANOFSKY & WALKER LLP

3
                                              By:_____
4                                                       AMY C. HIRSH

5
                                              Attorneys for Defendants
6                                             UPS GROUND FREIGHT, INC., d/b/a UPS FREIGHT
                                              and UNITED PARCEL SERVICE, INC.
7
     Dated:  April 18, 2008                    WILLIAM R. TAMAYO
8                                             JONATHAN T. PECK
                                              CINDY O'HARA
9                                             EQUAL EMPLOYMENT OPPORTUNITY
                                              COMMISSION
10

11
                                              By:_____ /S/  Cindy O'Hara_____
12                                                      CINDY O'HARA

13
                                              Attorneys for Plaintiff
14                                            EQUAL EMPLOYMENT OPPORTUNITY
                                              COMMISSION
15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

## **ORDER**

2      PURSUANT TO STIPULATION, IT IS SO ORDERED:

3

4

5

6      DATED: _____.      By:_____

                                          CLAUDIA WILKEN
7                                    Judge, United States District Court

8

9      LEGAL_US_W # 58746099.1

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# Exhibit A

1  WILLIAM R. TAMAYO -- #084965 (CA)
   JONATHAN T. PECK -- #12303 (VA)
2  CINDY O'HARA -- #114555 (CA)
   EQUAL EMPLOYMENT OPPORTUNITY
3    COMMISSION
   San Francisco District Office
4  350 The Embarcadero, Suite 500
   San Francisco, California 94105
5  Telephone:    (415) 625-5653
   Facsimile:    (415) 625-5657
6
7  Attorneys for Plaintiff EEOC

8                  UNITED STATES DISTRICT COURT

9                 NORTHERN DISTRICT OF CALIFORNIA

10

11
   **EQUAL EMPLOYMENT OPPORTUNITY**  )    Civil Action No. C-07-4994 CW
12 **COMMISSION,**                   )
                                     )
13             Plaintiff,            )    **FIRST AMENDED COMPLAINT**
                                     )
14 v.                                )    Civil Rights - Employment
                                     )    Discrimination
15 **UPS GROUND FREIGHT, INC. dba UPS** )
   **FREIGHT and UNITED PARCEL**     )    DEMAND FOR JURY TRIAL
16 **SERVICE, INC.,**                )
                                     )
17             Defendants.           )
   _____ )
18

19                    **NATURE OF THE ACTION**

20        This action is brought pursuant to Title VII or the Civil Rights Act of 1964 and

21 Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the

22 basis of sex and retaliation, and to provide appropriate relief to Joanne Nijem who was

23 adversely affected by such practices. Defendants subjected Ms. Nijem to unlawful

24 discrimination based on her sex and to unlawful retaliation after she expressed her

25 opposition to the unlawful discrimination.

26                    **JURISDICTION AND VENUE**

27        1.    Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§451, 1331,

28 1337, 1343 and 1345. This action is authorized and instituted pursuant to §706(f)(1) and

FIRST AMENDED COMPLAINT                                              Page 1

1   (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e-5(f)(1) and

2   (3) ("Title VII") and §102 of the Civil Rights Act of 1991, 42 U.S.C. §1981a.

3      2.    The unlawful employment practices alleged herein were committed in the

4   State of California, thus venue is proper "in any judicial district in the State in which the

5   unlawful employment practice is alleged to have been committed." (§706(f)(3) of Title

6   VII, 42 U.S.C. §2000e-5(f)(3)).  Venue is therefore proper in the United States District

7   Court for the Northern  District of California.

8                          **INTRADISTRICT ASSIGNMENT**

9      3.    This action is appropriate for assignment to San Francisco/Oakland as the

10  administrative charges underlying this case were investigated in the San Francisco

11  District Office of Plaintiff Equal Employment Opportunity Commission, and the records

12  related to that investigation are in San Francisco.

13                                  **PARTIES**

14     4.    Plaintiff, the Equal Employment Opportunity Commission

15  ("Commission") is the agency of the United States of America charged with the

16  administration, interpretation and enforcement of Title VII, and is expressly authorized

17  to bring this action by §706(f)(1) and (3) of Title VII, §2000-e(f)(1) and (3).

18     5.    Defendant UPS Ground Freight, Inc. dba UPS Freight  is a Virginia

19  corporation, doing business in the State of California, and has continuously had at least

20  15 employees.

21     6.    Defendant United Parcel Service, Inc. is an Ohio corporation, doing

22  business in the State of California, and has continuously had at least 15 employees.

23  Plaintiff is informed and believes and on the basis of that belief alleges that Defendant

24  United Parcel Service, Inc. is the successor to Charging Party Joanne Nijem's employer

25  at the time of the claims alleged herein.

26     7.    At all relevant times, Defendants UPS Ground Freight, Inc. and United

27  Parcel Service, Inc. have continuously been employers engaged in an industry affecting

28  commerce, within the meaning of Section 701(b), (g) and (h) of Title VII, 42 U.S.C. §2000-

FIRST AMENDED COMPLAINT                                                    Page 2

1  e(b), (g) and (h).

2  ## STATEMENT OF CLAIMS

3  ## FIRST CLAIM FOR RELIEF

4  ### Violation of Title VII of Civil Rights Act Based on Sex Discrimination

5        8.     More than thirty days prior to the institution of this lawsuit, Charging

6  Party Joanne Nijem ("Charging Party") filed a charge with Plaintiff Commission

7  alleging violations of Title VII by Defendant UPS Ground Freight, Inc.[1] All conditions

8  precedent to the institution of this lawsuit have been fulfilled.

9        9.     Since at least August 2004, Defendants have engaged in unlawful practices

10  of sex discrimination in violation §703(a) of Title VII, 42 U.S.C. §2000e-2(a)(1) by

11  subjecting Charging Party to different terms and conditions of employment than male

12  employees because of her sex, including but not limited to hostile environment

13  harassment and discharge from employment.

14        10.    The effect of the actions complained of in paragraph 9 above has been to

15  deprive Charging Party equal employment opportunities and otherwise adversely affect

16  her status as an employee because of  sex.

17        11.    The unlawful employment practices complained of in paragraph 9 above

18  were intentional.

19        12.    The unlawful employment practices complained of in paragraph 9 above

20  were done with malice or with reckless indifference to the federally protected rights of

21  Charging Party.

22  ## SECOND CLAIM FOR RELIEF

23  ### Violation of Title VII of Civil Rights Act Based on Retaliation

24        13.    Plaintiff Commission hereby incorporates the allegations of paragraphs 1

25  through 9 above as though fully set forth herein.

26        14.    In addition to the above-referenced discrimination, Defendants engaged in

27

28

---

[1]Defendant has informed Plaintiff EEOC that UPS Ground Freight, Inc. was formerly named Overnite Transportation Company.

FIRST AMENDED COMPLAINT                                Page 3

1  unlawful employment practices in violation of §704(a) of Title VII, 42 U.S.C. §2000-e-3(a)

2  by subjecting Charging Party to retaliation after she expressed her opposition to the sex

3  discrimination referenced herein at paragraph 9, including but not limited to the

4  suspension and subsequent termination of Charging Party's employment.

5      15.    The effect of the actions complained of in paragraph 14 above has been to

6  deprive Charging Party of equal employment opportunities and otherwise adversely

7  affect her status as an employee because of her protected activity.

8      16.    The unlawful employment practices complained of in paragraph 14 above

9  were intentional.

10     17.    The unlawful employment practices complained of in paragraph 14 above

11  were done with malice or with reckless indifference to the federally protected rights of

12  Charging Party.

13                              **PRAYER FOR RELIEF**

14      Wherefore, the Commission respectfully requests that this Court:

15      A.     Grant a permanent injunction enjoining Defendants, their officers,

16  successors, assigns, and all persons acting in concert or participation with them,

17  from engaging in discrimination based on sex and retaliation against their employees.

18      B.     Order Defendants to institute and carry out policies, practices, and

19  programs which prohibit sex discrimination and retaliation, and which eradicate the

20  effects of its unlawful employment practices.

21      C.     Order Defendants to make whole Charging Party by providing

22  appropriate back pay and benefits with prejudgment interest, and other affirmative

23  relief necessary to eradicate the effects of their unlawful employment practices,

24  including but not limited to reinstatement to prior position and/or front pay and other

25  appropriate relief to be determined at trial.

26      D.     Order Defendants to make whole Charging Party by providing

27  compensation for past and future pecuniary losses resulting from the unlawful

28  employment practices complained of above, including but not limited to such out-of-

FIRST AMENDED COMPLAINT                                                    Page 4

1  pocket expenses as medical care necessitated by Defendants' unlawful conduct, in

2  amounts to be determined at trial.

3      E.    Order Defendants to make whole Charging Party by providing

4  compensation for past and future nonpecuniary losses resulting from the unlawful

5  practices complained of above including, but not limited to emotional pain and

6  suffering, inconvenience, loss of enjoyment of life and humiliation, in amounts to be

7  determined at trial.

8      F.    Order Defendants to pay Charging Party punitive damages for the

9  malicious and reckless conduct described above, in amounts to be determined at trial.

10      G.    Grant such further relief as the Court may deem just and proper in the

11  public interest.

12      H.    Award the Commission its costs of this action.

13  <div align="center">**DEMAND FOR JURY TRIAL**</div>

14      Pursuant to the provisions of Federal Rule of Civil Procedure 38(b), Plaintiff

15  hereby demands a jury trial. _____

16  _____

17  DATED: April 18, 2008        EQUAL EMPLOYMENT OPPORTUNITY
                            COMMISSION

18

19                              _____

20                              CINDY O'HARA
                            Senior Trial Attorney

21

22

23

24

25

26

27

28

FIRST AMENDED COMPLAINT                             Page 5

# Exhibit B

1  KATHERINE C. HUIBONHOA (SB# 207648)
   katherinehuibonhoa@paulhastings.com
2  AMY C. HIRSH (SB# 246533)
   amyhirsh@paulhastings.com
3  PAUL, HASTINGS, JANOFSKY & WALKER LLP
   55 Second Street
4  Twenty-Fourth Floor
   San Francisco, CA  94105-3441
5  Telephone:  (415) 856-7000
   Facsimile:  (415) 856-7100
6
7  Attorneys for Defendants
   UPS GROUND FREIGHT, INC., d/b/a UPS FREIGHT and UNITED
   PARCEL SERVICE, INC.
8

9              UNITED STATES DISTRICT COURT

10           NORTHERN DISTRICT OF CALIFORNIA

11                  OAKLAND DIVISION

12

13 EQUAL EMPLOYMENT                    CASE NO. C-07-4994 CW
   OPPORTUNITY COMMISSION,
14                                     DEFENDANTS UPS GROUND FREIGHT,
                Plaintiff,             INC., D/B/A UPS FREIGHT AND UNITED
15                                     PARCEL SERVICE, INC.'S ANSWER TO
                                       THE FIRST AMENDED COMPLAINT
16        vs.

17 UPS GROUND FREIGHT, INC., dba UPS
   FREIGHT and UNITED PARCEL
18 SERVICE, INC.,

19              Defendants.

20

21 TO PLAINTIFF EQUAL EMPLOYMENT OPPORTUNITY COMMISSION AND TO ITS

22 ATTORNEYS OF RECORD, WILLIAM R. TAMAYO, JONATHAN T. PECK, CINDY

23 O'HARA AND EEOC:

24      Defendants UPS GROUND FREIGHT, INC., d/b/a UPS FREIGHT ("UPS

25 FREIGHT") and UNITED PARCEL SERVICE, INC. ("UPS") (collectively, "Defendants"), for

26 themselves alone and no other defendant, hereby answer and plead in response to Plaintiff

27 EQUAL EMPLOYMENT OPPORTUNITY COMMISSION's complaint ("Complaint") as

28 follows:

Case No. C-07-4994 CW

                                       DEFENDANTS' ANSWER TO FIRST
                                       AMENDED COMPLAINT

1.    Responding to the Nature of Action section in the Complaint, Defendants admit that Plaintiff purports to bring this action "pursuant to Title VII or [sic] the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of sex and retaliation, and to provide appropriate relief to Joanne Nijem who was adversely affected by such practices." Defendants further admit that Plaintiff alleges that Defendants "subjected Ms. Nijem to unlawful discrimination based on her sex and to unlawful retaliation after she expressed her opposition to the unlawful discrimination." Except as so expressly admitted, Defendants deny, generally and specifically, each and every remaining allegation contained in the Nature of Action section in the Complaint.

2.    Answering Paragraph 1, Defendants admit that Plaintiff purports to invoke the Court's jurisdiction pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343, and 1345. Defendants further admit that Plaintiff purports to institute this action pursuant to "§706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e-5(f)(1) and (3)" and "§102 of the Civil Rights Act of 1991, 42 U.S.C. §1981a." Except as so expressly admitted, Defendants deny, generally and specifically, each and every remaining allegation contained in this paragraph.

3.    Answering Paragraph 2, Defendants deny, generally and specifically, each and every allegation contained therein. Defendants aver that venue is proper in the United States District Court for the Northern District of California.

4.    Answering Paragraph 3, Defendants admit, on information and belief, that the administrative charges underlying this case were investigated in the San Francisco District Office of Plaintiff EQUAL EMPLOYMENT OPPORTUNITY COMMISSION and the records related to that investigation are in San Francisco. Defendants further aver that this action is appropriate for assignment to the San Francisco/Oakland division of the Northern District of California. Except as so expressly admitted and averred, Defendants deny, generally and specifically, each and every remaining allegation contained in this paragraph.

5.    Answering Paragraph 4, Defendants admit, on information and belief, each and all of the allegations contained therein.

1         6.      Answering Paragraph 5, Defendants admit that Defendant UPS FREIGHT

2    is incorporated under the laws of the State of Virginia and at all relevant times has done business

3    in the State of California. Except as so expressly admitted, Defendants deny, generally and

4    specifically, each and every remaining allegation contained in this paragraph.

5         7.      Answering Paragraph 6, Defendants admit that Defendant UPS is

6    incorporated under the laws of the State of Ohio and at all relevant times has done business in the

7    State of California and has continuously had at least 15 employees. Defendants admit and aver

8    that Defendant UPS FREIGHT is a wholly owned subsidiary of Overnite Corporation, which in

9    turn is a wholly owned subsidiary of United Parcel Service of America, Inc., which in turn is a

10    wholly owned subsidiary of Defendant UPS.

11         8.      Answering Paragraph 7, Defendants admit each and all of the allegations

12    contained therein.

13         9.      Answering Paragraph 8, Defendants admit, on information and belief, that

14    more than thirty days prior to the institution of this lawsuit, Ms. Nijem filed a charge with

15    Plaintiff alleging violations of Title VII by Overnite Corporation. Defendants further aver that

16    Defendant UPS FREIGHT was formerly named Overnite Transportation Company. Except as so

17    expressly admitted, Defendants lack sufficient information and knowledge on which to form a

18    belief as to the truth of the remaining allegations contained in this paragraph, and on that basis,

19    deny them.

20         10.    Answering Paragraph 9, Defendants deny, generally and specifically, each

21    and every allegation contained in this paragraph.

22         11.    Answering Paragraph 10, Defendants deny, generally and specifically, each

23    and every allegation contained in this paragraph. Defendants further deny, generally and

24    specifically, that Plaintiff has been damaged as alleged or at all.

25         12.    Answering Paragraph 11, Defendants deny, generally and specifically, each

26    and every allegation contained therein.

27         13.    Answering Paragraph 12, Defendants deny, generally and specifically, each

28    and every allegation contained therein.

1        14.    Answering Paragraph 13, Defendants incorporate by reference and re-

2    allege their responses to paragraphs 1 through 9 of the Complaint.

3        15.    Answering Paragraph 14, Defendants deny, generally and specifically, each

4    and every allegation contained therein.

5        16.    Answering Paragraph 15, Defendants deny, generally and specifically, each

6    and every allegation contained therein. Defendants further deny, generally and specifically, that

7    Plaintiff has been damaged as alleged or at all.

8        17.    Answering Paragraph 16, Defendants deny, generally and specifically, each

9    and every allegation contained therein.

10       18.    Answering Paragraph 17, Defendants deny, generally and specifically, each

11   and every allegation contained therein.

12       19.    Responding to the Prayer for Relief in the Complaint, Defendants deny,

13   generally and specifically, that Plaintiff or Joanne Nijem has been or will be damaged in the sums

14   alleged, in any other sum, or at all, by reason of any act or omission of Defendants or any officer,

15   agent or employee of Defendants. Defendants further deny, generally and specifically, that the

16   elements of relief sought are available to Plaintiff on the particular claims alleged.

17   <center>AFFIRMATIVE DEFENSES</center>

18   <center>FIRST SEPARATE AND AFFIRMATIVE DEFENSE</center>

19       20.    The Complaint, and each purported claim alleged therein, fails to state a

20   claim upon which relief can be granted.

21   <center>SECOND SEPARATE AND AFFIRMATIVE DEFENSE</center>

22       21.    The Complaint, and each purported claim alleged therein, is barred in

23   whole or in part by all applicable statutes of limitation, including but not limited to 42 U.S.C. §§

24   2000e, *et seq.*

25   <center>THIRD SEPARATE AND AFFIRMATIVE DEFENSE</center>

26       22.    The Complaint, and each purported claim alleged therein, is barred in

27   whole or in part because Defendants had an honest, good faith belief that all decisions with

28

1    respect to Ms. Nijem's employment were made by Defendants solely for legitimate, business-

2    related reasons and were reasonably based upon the facts as Defendants understood them.

3    FOURTH SEPARATE AND AFFIRMATIVE DEFENSE

4        23.    To the extent that Plaintiff makes allegations or claims with respect to a

5    time period more than 300 days before Ms. Nijem allegedly filed a charge with the Equal

6    Employment Opportunity Commission ("EEOC"), or which were not made the subject of a

7    timely EEOC charge, the Court lacks jurisdiction with respect to any such allegations or claims.

8    42 U.S.C. §§ 2000e, *et seq.*

9    FIFTH SEPARATE AND AFFIRMATIVE DEFENSE

10       24.    The Complaint, and each purported claim alleged therein, is barred to the

11   extent that the allegations contained therein do not reasonably fall within the scope of any claims

12   made in any administrative charge filed by Ms. Nijem with the EEOC.

13   SIXTH SEPARATE AND AFFIRMATIVE DEFENSE

14       25.    Defendants exercised reasonable care to prevent and correct promptly

15   harassing behavior, if any, and Ms. Nijem unreasonably failed to take advantage of the preventive

16   or corrective opportunities provided by Defendants or otherwise avoid harm.

17   SEVENTH SEPARATE AND AFFIRMATIVE DEFENSE

18       26.    Ms. Nijem has failed to mitigate or reasonably attempt to mitigate her

19   damages, if any, as required by law, and any recovery Ms. Nijem otherwise would be entitled to

20   should be precluded or reduced accordingly.

21   EIGHTH SEPARATE AND AFFIRMATIVE DEFENSE

22       27.    Neither Plaintiff nor Ms. Nijem is entitled to recover any punitive or

23   exemplary damages and any allegations with respect thereto should be stricken because:

24       (a)    Plaintiff has failed to plead facts sufficient to support allegations of

25   malice or reckless indifference for the rights of Ms. Nijem or that Defendants were motivated by

26   evil motive or intent; and/or

27       (b)    Neither Defendants nor any managerial agent of Defendants

28   committed any alleged malicious or reckless act, authorized or ratified such an act, or had

1    advance knowledge of the unfitness, if any, of any employee or employees who allegedly

2    committed such an act, or employed any such employee or employees with a reckless indifference

3    towards the rights or safety of others; and/or

4            (c)    The laws regarding the alleged conduct in question in this action are

5    too vague to permit the imposition of punitive damages, and because the applicable laws, rules

6    and procedures regarding punitive damages deny due process, impose criminal penalties without

7    the requisite protections and violate Defendants' constitutional rights under provisions of the

8    United States and California Constitutions, including, but not limited to, the due process clauses

9    of the Fifth and Fourteenth Amendments to the United States Constitution, and the excessive

10   fines and cruel and unusual punishment clauses of the Eighth Amendment to the United States

11   Constitution and place an unreasonable burden on interstate commerce; and/or

12           (d)    Defendants at all times made good efforts to comply with all

13   applicable laws, including, but not limited to, Title VII.

14           NINTH SEPARATE AND AFFIRMATIVE DEFENSE

15       28.    Plaintiff is barred from recovering punitive damages because Defendants

16   had in place a policy to prevent discrimination and retaliation in the workplace and made good

17   efforts to implement and enforce that policy.

18           TENTH SEPARATE AND AFFIRMATIVE DEFENSE

19       29.    Plaintiff's claim for injunctive and other equitable relief is barred by the

20   doctrine of laches.

21           ELEVENTH SEPARATE AND AFFIRMATIVE DEFENSE

22       30.    The Complaint, and each purported claim contained therein, is barred

23   because any recovery from Defendants would result in Plaintiff's unjust enrichment.

24           TWELFTH SEPARATE AND AFFIRMATIVE DEFENSE

25       31.    Defendants did not commit the acts or omissions as alleged in the

26   Complaint for discriminatory and/or retaliatory motives, but assuming that they did, such acts or

27   omissions would have been taken in any event for legitimate, non-discriminatory, non-retaliatory,

28   and non-pretextual reasons.

Case No. C-07-4994 CW      -6-      DEFENDANTS' ANSWER TO FIRST
AMENDED COMPLAINT

1    WHEREFORE, Defendants pray for judgment as follows:

2    1.    That Plaintiff take nothing by reason of its Complaint, that the Complaint

3    be dismissed in its entirety with prejudice, and that judgment be entered for Defendants;

4    2.    That Defendants be awarded their reasonable costs and attorneys' fees; and

5    3.    That Defendants be awarded such other and further relief as the Court

6    deems just and proper.

7

8    DATED: April __, 2008              KATHERINE C. HUIBONHOA
                                        AMY C. HIRSH
9                                       PAUL, HASTINGS, JANOFSKY & WALKER LLP

10

11                                      By:_____
                                               AMY C. HIRSH

12                                      Attorneys for Defendants
                                        UPS GROUND FREIGHT, INC., d/b/a UPS FREIGHT
13                                      and UNITED PARCEL SERVICE, INC.

14
     LEGAL_US_W # 58743909.1
15

16

17

18

19

20

21

22

23

24

25

26

27

28