WILLIAM R. TAMAYO (CA Bar No. 084965)
JONATHAN T. PECK (VA Bar No. 12303)
CINDY O'HARA (CA Bar No. 114555)
EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
San Francisco District Office
350 The Embarcadero, Suite 500
San Francisco, CA 94105
Telephone No. (415) 625-5653
Facsimile No. (415) 625-5657

Attorneys for Plaintiff
Equal Employment Opportunity Commission

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>Plaintiff,<br><br>vs.<br><br>UPS GROUND FREIGHT, INC. dba UPS FREIGHT and UNITED PARCEL SERVICE, INC.,<br><br>Defendants. | Civil Action No. C-07-04994 CW<br><br><br><br>CONSENT DECREE |

Plaintiff Equal Employment Opportunity Commission ("Commission") filed this action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct alleged unlawful employment practices on the basis of discrimination based on gender and retaliation, and to provide appropriate relief to Charging Party Joanne Nijem ("Charging Party"), who the Commission alleged was adversely affected by such practices. The Commission alleged that Charging Party was subjected to hostile environment harassment based on her gender, and to retaliation after she complained about said harassment, while employed at Overnite Transportation Company ("Overnite"). Subsequent to Charging Party's employment with Overnite and subsequent to her filing of her charge of discrimination, Overnite was acquired by Defendants UPS Ground Freight, Inc. dba UPS Freight and United Parcel Service, Inc. (hereinafter referenced collectively as "Defendant UPS"). The Overnite facility where the alleged

events occurred is no longer in operation. The Overnite employee who allegedly harassed and retaliated against Charging Party was terminated from Overnite prior to the acquisition by Defendant UPS, and never has been an employee of Defendant UPS. Defendant UPS has denied and denies the above allegations and claims. The Commission and Defendant UPS now seek to resolve this action without further contested litigation through the instant Consent Decree. This resolution does not constitute an admission of liability on the part of Defendant UPS, which expressly denies any violation of law or wrongdoing. This Consent Decree does not constitute an adjudication and/or finding on the merits of this lawsuit or any of the allegations stated in the Commission's Complaint. This Consent Decree represents a good faith settlement of contested and disputed claims.

The Court has reviewed this Consent Decree in light of the pleadings, the record herein, and the applicable law, and now approves this Consent Decree.

THEREFORE IT IS HEREBY ORDERED, ADJUDGED AND DECREED:

**GENERAL PROVISIONS**

1.  This Consent Decree constitutes a full and final resolution of the Commission's claims against Defendant UPS in this action.

2.  This Consent Decree will become effective upon its entry by the Court.

3.  This Consent Decree is final and binding upon the parties to it, their successors and assigns.

4.  The Commission and Defendant UPS will each bear its own costs and attorneys fees in this action.

5.  The General Injunctive Relief and Special Injunctive Relief provisions of this Consent Decree are limited to Defendant UPS Ground Freight, Inc. dba UPS Freight in its Northern California operations. The term "UPS Freight" hereinafter refers to Defendant UPS Ground Freight, Inc. dba UPS Freight in its Northern California operations.

**GENERAL INJUNCTIVE RELIEF**

6.  UPS Freight and its current officers, agents, employees, and all persons in active concert or participation with them is enjoined from discriminating based on gender or permitting

the existence of a work environment that is hostile to employees based on their gender, as prohibited under Title VII.

7. UPS Freight and its current officers, agents, employees, and all persons in active concert or participation with them is enjoined from retaliating against employees for opposing discrimination based on gender, including opposition to a work environment that is hostile to employees based on their gender, as prohibited under Title VII.

8. UPS Freight and its current officers, agents, employees, and all persons in active concert or participation with them is enjoined from engaging in, implementing or permitting any action, policy or practice which retaliates against Charging Party Nijem, or any other employee or former employee, for having testified or participated in any manner in the Commission's investigation and the proceedings in this case, as prohibited under Title VII.

## SPECIAL INJUNCTIVE RELIEF

### Anti-Harassment Policy

9. UPS Freight agrees to maintain a written anti-harassment policy, such that its policy: (a) includes definitions of discriminatory harassment; (b) includes examples to supplement the previously mentioned definitions of harassment; (c) provides for substantial discipline and/or corrective action for incidents of harassment; (d) includes strong non-retaliation language; (e) provides for substantial discipline for incidents of retaliation; (f) provides that complaints of harassment and/or retaliation will be accepted irrespective of whether they are made verbally or in writing; (g) explains that UPS Freight will conduct a prompt and thorough investigation after a complaint is made or received and, where appropriate, will take remedial action upon conclusion of an investigation; (h) encourages employees to come forward with complaints about violations of its harassment policy without fear of retaliation; and (i) provides convenient, confidential and reliable mechanisms for reporting incidents of harassment and retaliation, including notifying employees that they may lodge a complaint with their immediate supervisor, with the employee hotline or with human resources.

Should UPS Freight revise its policy during the term of this consent decree, UPS Freight shall submit a copy of the revised policy, if any, to the EEOC within sixty (60) days of its adoption.

10. UPS Freight's written complaint procedure will be posted, in a prominent place accessible to all employees in its service centers.

**Training**

11. UPS Freight will train District Freight Manager Mark Lockamy and Director of Labor Relations David Gentry concerning sex discrimination, gender based harassment, and retaliation, and what to do when a complaint on these matters is raised by an employee. Said trainings will take place within three (3) months of the entry of this decree, and will be of no less than four hours in length.

**Record Keeping and Reports**

12. Within thirty (30) days after completing the training session(s) described in Paragraphs 11, Defendant UPS will mail to counsel for the Commission a report containing the date of training, an outline of the training content, who attended, and copies of all materials distributed at the training.

**MONETARY RELIEF**

13. As part of the resolution of this lawsuit, Defendant UPS will pay Charging Party Nijem the sum of $120,000.00 ($90,000 in alleged lost wages and $30,000 for alleged emotional distress) in complete satisfaction of the Commission's claims against Defendant UPS as set forth in its Complaint. This sum will be paid by checks made out directly to charging Party Nijem, and will be mailed to her at addresses to be provided to Defendant UPS by the Commission, with a copy of the checks and any transmittal letter to counsel for the Commission. Said checks will be sent by Defendant UPS within fifteen (15) days of the entry of this decree.

**EXPIRATION OF CONSENT DECREE**

14. This Consent Decree constitutes a full and final resolution of all the Commission's claims against Defendant UPS in this action. This Consent Decree will be in effect for two (2) years, and will expire at midnight of the date two (2) years after its entry by the Court, provided

that Defendant UPS has substantially complied with the terms of this Consent Decree. Defendant UPS will be deemed to have complied substantially if the Court has not made any findings or orders during the term of the Decree that Defendant UPS has failed to comply with any of the terms of this Decree.

E-filing concurrence:   I, Katherine Huibonhoa, attorney for Defendants UPS Freight and UPS, attest that I have obtained the concurrence of Cindy O'Hara, attorney for Plaintiff Commission, for the lodging of this Consent Decree.

| On Behalf of Plaintiff Commission: | On Behalf of Defendants UPS Ground Freight, Inc. & United Parcel Service, Inc. |
|---|---|
| Dated: September 16, 2009 | Dated: September 16, 2009 |
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION | PAUL HASTINGS JANOFSKY & WALKER |
| /S/ William R. Tamayo<br>WILLIAM R. TAMAYO<br>Regional Attorney | /S/ Katherine Huibonhoa<br>KATHERINE HUIBONHOA<br>Attorneys for UPS GROUND FREIGHT, INC. & UNITED PARCEL SERVICE, INC. |
| /S/ Jonathan T. Peck<br>JONATHAN T. PECK<br>Supervisory Trial Attorney | |
| /S/ Cindy O'Hara<br>CINDY O'HARA<br>Senior Trial Attorney | |

**ORDER**

It is so ordered.

Dated: 9-17-09

_____
U.S. District Court Judge